UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

JAN 13 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | *   Case No. SA-13-CR-635-FB |
| JASON LEE MOXLEY, | * |
| Defendant. | * |

### AGREED ORDER REVOKING PROBATION AND RESENTENCING THE DEFENDANT

Before the Court are the July and November 2015 petitions to revoke the Defendant's probation (Docs. 44, 53), as augmented herein. After consultation with the probation office, the parties have recommended a disposition, in which the Court concurs, supported by findings set forth below.

#### A. Findings

1. *Probation imposed.* In July 2014, the Court sentenced the Defendant for the 2013 Class C felony of possessing counterfeited Federal Reserve Notes. Due to unscored sentences and pending criminal charges, it appears that the Defendant's criminal-history score understated his recidivism risk. He obtained within-Guidelines punishment of probation for five years, during which he was obliged to comply with the mandatory and standard conditions of supervision, as well as pay a $160 fine at a rate not less than $10 per month.

2. *Probation violations.* In June 2015, the Defendant knowingly possessed and used unprescribed methamphetamine. On or about August 2015, the Defendant committed a Texas state felony theft offense, a violation of his September 2014 felony state drug probation, as a result

of which he was sentenced in November 2015 to a total of four years in state prison. His state felony charges for July 2015 possession of a stolen vehicle and methamphetamine, though dismissed, were taken into account in connection with his state probation-revocation sentence. The Defendant failed to report to and as directed by his federal probation officer in May, July, and August 2015. Since February 2014, the Defendant has paid nothing toward his $40 fine balance.

3. *Defendant's acknowledgments.* The Defendant acknowledges that: (1) upon revocation of his probation, the Court could assess imprisonment up to a statutory maximum of 20 years, plus a maximum of 3 years of supervised release; (2) the parties project his advisory imprisonment range under USSG § 7B1.4 to be 4 to 10 months (Grade B violation as most serious, category I offender), though various factors justify substantial above-range imprisonment; (3) the United States bears the burden of proving charged violations of probation by a preponderance of the evidence; (4) he admits that he committed the supervision violations summarized above and in the revocation petitions; and (5) the United States could prove such charges by a preponderance of the evidence.

4. *Defendant's waiver of rights.* Through their signatures below, the Defendant and his attorney specifically assert, and the Court finds, that the Defendant—having read and understood this Order and the revocation petitions, having discussed them thoroughly with his attorney, and having agreed to the terms of this Order—voluntarily, knowingly, and intelligently: (1) waives his rights under the Constitution, FED. R. CRIM. P. 32.1(b)(2), and 43, 18 U.S.C. § 3565(a)(2) and (b)(1), and/or otherwise, to be present and participating with his lawyer at a proceeding at which the Defendant's probation is revoked and he is resentenced, as accomplished by this Order; (2) waives his right under any means to appeal, challenge, modify, or seek a reduction in the revocation punishment assessed by this Order (unless the Defendant proves

2

prejudice of constitutional magnitude involving ineffective assistance of his attorney or prosecutorial misconduct); and (3) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or his counsel.

### B. Order

In view of the foregoing, based on the Defendant's admitted violations of his probation, for which there is an adequate factual basis as summarized above and in the revocation petitions, the Court finds, determines, and orders that:

1. The Defendant's probation is revoked pursuant to 18 U.S.C. § 3565(a)(2) and (b)(1).

2. The Defendant is remanded to the Bureau of Prisons (BOP) for TWELVE (12) MONTHS of imprisonment in a jail-type facility and not a halfway house or like facility; without credit for time spent on probation; and *consecutive* to any other sentence or revocation, state or federal, imposed or to be imposed upon the Defendant, including but not limited to his four-year state-probation-revocation prison term.

The Court recommends that BOP incarcerate the Defendant at its Bastrop, Texas, facility and extend the Defendant: (1) substance-abuse, theft-alternative, employment, inmate-financial responsibility, and other programming; and (2) *no* prerelease custody under 18 U.S.C. § 3624(c) because of the brevity of his federal confinement and this Order's imposition of halfway-house residency as a component of supervised release.

3. The Defendant shall serve THREE (3) YEARS of supervised release. During that interval, the Defendant shall abide by the mandatory, standard, and special conditions of supervision previously imposed upon him while serving probation in this case. As special conditions of supervised release, the Defendant shall also:

    a. *Halfway-house residency.* For the first SIX (6) MONTHS of supervised

release, reside at a halfway house as directed by the probation office and until satisfactorily terminated from the halfway house by the probation office and the halfway-house director; abide by all rules and regulations of the halfway house; and pay a share of the costs of his subsistence at the halfway house, as directed by the probation office and the halfway house.

    b. *Expanded intoxicant/alcohol abstinence.* Refrain from (1) possessing or consuming any intoxicant/alcohol; (2) visiting any bar, tavern, nightclub, lounge, cantina, honky tonk, strip club, pool hall, or other establishment whose primary purpose is the sale or provision of alcohol or any intoxicant; and (3) residing at any location where any intoxicant/alcohol is kept.

    c. *Substance-abuse treatment and testing.* As directed by the probation office, participate in substance-abuse treatment and random testing for the consumption of prohibited substances.

4. Monetary sanctions imposed in this case that remain unpaid are reimposed, and such sanctions are due and payable immediately.

The Court adopts a zero-tolerance approach to the Defendant's violation of any condition of his supervised release.

SO ORDERED on January _13_, 2016.

                                          FRED BIERY
                                          Chief United States District Judge

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____    _1-7-16_____
JASON LEE MOXLEY                    Date
Defendant


_____    _1-7-16_____
WARREN A. WOLF                      Date
Counsel for Defendant


_____    January 6, 2016
MICHAEL R. HARDY
Assistant United States Attorney
Counsel for Plaintiff